742 So.2d 735 (1999)
STATE of Louisiana
v.
Joseph L. LITTLES.
No. 98-KA-2517.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1999.
*736 Harry F. Connick, District Attorney of Orleans Parish, John Jerry Glas, Assistant District Attorney, New Orleans, LA, Counsel for plaintiff.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES and Judge MIRIAM G. WALTZER.
WALTZER, Judge.

STATEMENT OF CASE
On 9 January 1998, the defendant, Joseph Littles, was charged by bill of information with possession with the intent to distribute cocaine in violation of La. R.S. 40:967. The defendant entered a plea of not guilty at his arraignment on 23 January 1998. A preliminary and suppression hearing was held on 4 March 1998. The trial court found probable cause and denied the defendant's motion to suppress evidence. On 14 May 1998, the defendant elected a bench trial. The trial court found the defendant guilty of possession of cocaine. On the same day, the defendant waived all delays, and the trial court sentenced the defendant to serve five years at hard labor. The trial court suspended the sentence and placed the defendant on five years active probation with special conditions. These conditions included one hundred hours of community service, random drug testing, vocational or technical education, and payments of fees to OIDP, the Judicial Expense Fund and the Indigent Transcript Fund. On 19 May 1998, the trial court granted defendant's motion for appeal.
Because we find no error in the conviction and sentence, we affirm.

STATEMENT OF THE FACTS
New Orleans Police Officer Marc Delpit testified that on 12 November 1997, he and Officer Kevin Hunt were on proactive patrol in the lower Ninth Ward, near the intersection of Burgundy and Lizardi Streets. At approximately 7:00 p.m., the officers were traveling on Lizardi Street in a marked police unit when they observed a black four door vehicle partially parked in the street in front of 829 Lizardi Street, a known crack house. The officers saw the defendant standing on the driver's side of the car, leaning towards the driver, who was seated in the car. The defendant removed an object from his left hand and gave it to the driver with his right hand. *737 The driver then handed the defendant what appeared to be an elongated bill. When the officers pulled behind the black vehicle, the defendant noticed the police car and said something to the driver, whereupon the driver drove off towards Dauphine Street and the defendant put his hands in his pockets. Officer Delpit detained the defendant and patted him down for weapons. During the patdown, the officer felt a substance in the defendant's left pants pocket which the officer believed was consistent with crack cocaine. The officer retrieved the object, a brown plastic bag containing twelve rock-like substances. The defendant was then placed under arrest and advised of his rights. The officer found twenty-five dollars on the defendant during a search incident to the arrest. It was stipulated at trial that the twelve rock-like substances found on the defendant tested positive for crack cocaine.
Officer Delpit had given similar testimony at the hearing on defendant's Motion to Suppress Evidence.

REVIEW FOR ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR: The trial court erred in failing to grant appellant's Motion to Suppress Evidence.
The defendant contends that the officers did not have reasonable cause to conduct a stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The defendant argues, in the alternative, that if there was a valid Terry stop, the police officer exceeded the legal limits of a pat down search and the seizure of the crack cocaine was illegal.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990), where this Court held:
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, [483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (1986)]. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, supra, 557 So.2d at 1033.
Paragraph B of art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
See also State v. Hunter, 375 So.2d 99 (La.1979). The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Smith, 94-1502, p. 5 (La. App. 4 Cir. 1/19/95), 649 So.2d 1078, 1082.
In the present case, Officer Delpit testified that he observed what he believed to be a narcotics transaction between the defendant and the driver of the black vehicle. The officer testified that he saw the defendant give a small object to the driver of the vehicle in exchange for paper currency. Officer Delpit also stated that the area in which he and his partner were patrolling was known for narcotics trafficking. The residence in front of which the defendant *738 was standing, 829 Lizardi Street, was known to be a crack house. This information, along with the officer's belief that he viewed a narcotics transaction between the defendant and the driver of the black vehicle, provided reasonable cause for the officer to detain the defendant. See State v. Huntley, 97-0965 (La.3/31/98), 708 So.2d 1048.
As Officer Delpit had reasonable cause to detain the defendant, a pat down for weapons was justified provided he had a reasonable belief that the defendant was armed with a dangerous weapon. In Huntley, the Louisiana Supreme Court held that the police officers' pat down of the defendant was justified by the totality of the circumstances. The Court noted that the officers were in a high crime area, the officers had been informed by an informant that the defendant had been engaging in narcotics transactions and recognized the existence of a close association of weapons and narcotics trafficking. In State v. Ratliff, 97-1054 (La.App. 4 Cir. 8/13/97), 700 So.2d 213, this Court recognized that dangerous weapons are frequently used in drug dealing and that this fact may be considered in determining whether the officer had a reasonable basis for a pat down. In Ratliff, this Court found that the officer was justified in conducting a part down frisk even though the officer did not testify that he believed the defendant was armed with a weapon or that he was in danger. The Court concluded that the totality of the circumstances justified the pat down search. The Court noted that the officer testified he believed he observed a narcotics transaction in an area known for drug trafficking.
Likewise, in the present case, the totality of the circumstances justified Officer Delpit's pat down of the defendant. Officer Delpit testified at trial that he conducted a pat down of the defendant for his and his partner's safety. The officer had previously stated that he observed the defendant engaged in what he believed to be a narcotics transaction in an area known for drug trafficking. In fact, the incident occurred in front of a residence known to be a crack house.
As Officer Delpit's pat down frisk of the defendant was justified, the seizure of the crack cocaine is warranted under the limited "plain feel" exception to the warrant requirement recognized by the United States Supreme Court in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). In Dickerson, the Court ruled that officers may seize contraband detected by touch during a pat down search if the search remains within Terry's bounds. The Court stated:
We have already held that police officers, at least under certain circumstances, may seize contraband detected during the lawful execution of a Terry search.... Under [the plain view] doctrine, if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant....
We think that this doctrine has an obvious application by analogy to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search.... If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.
Dickerson, supra, 508 U.S. at 374-376, 113 S.Ct. at 2136-2137.
In State v. Johnson, 94-1170 (La.App. 4 Cir. 8/23/95), 660 So.2d 942, writs denied, 95-2331 (La.2/2/96), 666 So.2d 1092, and 95-3044 (La.2/2/96), 666 So.2d 1105, this Court held that an officer's seizure of a rock of crack cocaine was justified under the "plain feel" exception. The Court relied *739 upon the officer's testimony that "when he felt the rock-like substance during the pat down frisk, he immediately believed that substance to be crack cocaine." Johnson, supra at p. 7, 660 So.2d at 948. See also, State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140.
In the present case, Officer Delpit testified that when he patted down the defendant, he felt "in his [defendant's] left pants pocket a substance which [he, the officer,] immediately believed was consistent with crack cocaine, through [his, the officer's] experience." The officer's testimony reveals that the contour of the object in the defendant's pocket made its identity as crack cocaine readily apparent. Thus, as in Johnson and Lavigne, Officer Delpit's seizure of the crack cocaine was justified under the "plain feel" exception.
Therefore, the trial court did not err when it denied the defendant's motion to suppress evidence. The assignment of error is without merit.

CONCLUSION AND DECREE
Having found no error patent and no merit to defendant's contention that evidence of the crime was wrongfully admitted, we affirm the conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.