JjWALTZER, Judge.
Avian Gray appeals his conviction and sentence for possession of cocaine and his adjudication and sentence as a habitual offender.
STATEMENT OF THE CASE
Gray was charged by bill of information on 8 June 1998 with possession of cocaine, a violation of LSA-R.S. 40:967. Defendant pled not guilty. The trial court denied defendant’s rhotion to suppress on 15 July 1998. Defendant was found guilty as charged on 23 September 1998, following trial by a six-person jury. On 1 October 1998, the trial court adjudicated defendant a second-felony habitual offender and sentenced him to five years at hard labor, with credit for time served.
STATEMENT OF FACTS
New Orleans Police Officer : Harry O’Neal testified .that on 20 May 1998, he and his partner, Officer Richey LeBlanc, answered a call placed by someone at a convenience store located in the .3400 block of General Taylor Street. The complainant described an individual who, upon their arrival at the scene, the officers noticed standing across the street. When the officers called defendant over to- them;- he put his hands in his pockets. The officers told defendant to take his hands out of his pocket. As defendant walked toward the officers, he withdrew his | Jiands and tossed away a matchbox. Officer O’Neal retrieved and opened the matchbox, discovering a needle guard, a plunger guard, and a plastic bag of what he suspected was cocaine. Officer O’Neal saw a fresh track mark or needle puncture wound on defendant’s arm. Officer O’Neal stated that the information .the officers had was that defendant had been in the convenience store and had “shot up.” Officer O’Neal was qualified as an expert in the field of “track [hypodermic needle] mark” identification.
New Orleans Police Criminalist Glenn Gilyot was qualified by stipulation as an expert in the field of the analysis and identification of controlled substances. After receipt of the evidence in the crime lab, he tested" a white substance in a plastic bag, found inside a matchbox seized from the defendant, and concluded that the substance was positive for cocaine.
ERRORS PATENT
A review of the record reveals no errors patent.

FIRST ASSIGNMENT OF ERROR

By his original assignment of error, defendant claims that the evidence was insufficient to support the habitual offender adjudication because: (1) the State failed to prove defendant had committed a prior felony, as it failed to introduce a certified copy of the conviction into the record; and (2) the State failed to prove that the cleansing period had not elapsed. Defendant also notes that there is no habitual offender bill of information in the record.
The State argues that defendant cannot raise the failure to introduce a copy of the conviction or the failure to prove that the cleansing period had not expired, because defense counsel simply noted an objection to the trial court’s ruling that defendant was a second-felony habitual offender, without stating a ground for the | ¡¡objection.[1] Generally, an objection stating no basis presents nothing for an appel *1147 late court to review. State v. Richards, 99-0067, p. 2 (La.9/17/99); 750 So.2d 940, State v. Brooks, 98-0693, p. 9 (La.App. 4 Cir. 7/21/99); 758 So.2d 814, 819, writ denied, 99-2519 (La.2/25/00); 755 So.2d 247 (LSA-C.Cr.P. art. 841(A) requires that a defendant make known the grounds for his objection, and he is limited on appeal to those grounds articulated at trial). In State v. Washington, 98-0583 (La.App. 4 Cir. 11/17/99); 747 So.2d 1191, 1200, this court held that where a defendant did not orally object to the lack of proof of the prior conviction, the sufficiency issue had not been preserved for review.
In the instant case, after the trial court announced its finding that defendant was a second-felony habitual offender, defense counsel simply stated: “Note our objection for the record.” However, defense counsel made no argument collaterally attacking the prior conviction itself. Therefore, it must be presumed that counsel’s objection was as to the lack of proof of that conviction. Since defendant’s arguments’ on appeal are directed to the sufficiency of the evidence, the assignment of error was preserved for review.
To prove a defendant is a habitual offender under LSA-R.S. 15:529.1, the State is required to establish the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Anderson, 99-1407, p. 6 (La.App. 4 Cir. 1/26/00); 753 So.2d 321, 325. Proof of identity can be established through a number of ways, such as the testimony of witnesses to prior crimes, expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding, or photographs contained in a duly ^authenticated record. State v. Isaac, 98-0182, p. 7 (La.App. 4 Cir. 11/17/99); 762 So.2d 25, 28. Generally, the State also has the burden of proving that the cleansing period of LSA-R.S. 15:529.1 has not expired. State v. Martello, 98-2066, p. 14 (La.App. 4 Cir. 11/17/99); 748 So.2d 1192, 1202.
In the instant case; the record does not contain a copy of the habitual offender bill of information. The habitual offender hearing transcript reflects that New Orleans Police Officer Raymond Loosemore fingerprinted defendant on the date of the hearing, 1 October 1998. Those fingerprints are contained in the record. Officer Loosemore testified that he matched those fingerprints to a set of fingerprints on the back of an arrest register reflecting that Avian Gray was arrested on 12 February 1998 for possession with intent to distribute cocaine. That arrest register is contained in the record. Thus, these exhibits, combined with Officer Loosemore’s testimony, establish that defendant was arrested on 12 February 1998 for possession with intent to distribute cocaine.
Officer Loosemore testified that an arrest register identified as State’s Exhibit 3 contained a copy of fingerprints matching defendant’s prints. State’s Exhibit 3 presumably was a copy of defendant’s conviction for the 12 February 1998 offense, although it is never identified or referred to as such by either the prosecutor or Officer Loosemore. State’s Exhibit 3 is missing from the record. Accordingly, the record evidence simply establishes that defendant was arrested on 12 February 1998 for possession with intent to distribute cocaine. The record evidence does not establish a conviction for that offense, or for any other prior offense. Therefore, the evidence is insufficient to prove that defendant is a second-felony habitual offender, and his adjudication and sentence are vacated and set aside, and the case is remanded for re-sentencing.

\ SECOND assignment of error

By this supplemental assignment of error, defendant claims that the trial court erred in denying his motion to suppress the t evidence, arguing that the arresting officers did not have reasonable suspicion to stop defendant.
Warrantless searches and seizures fail to meet constitutional requisites, unless they fall within one of the narrow *1148 exceptions to the warrant requirement. State v. Edwards, 97-1797, p. 5 (La.7/2/99); 750 So.2d 893, cert. denied, Edwards v. Louisiana, — U.S. —, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. LSAC.Cr.P. art. 703(D); State v. Jones, 97-2217, p. 10 (La.App. 4 Cir. 2/24/99); 731 So.2d 389, 395, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. A trial court’s ruling on a motion to suppress the evidence is entitled to great'weight, because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4 Cir. 10/5/99); 752 So.2d 192, 193.
LSA-C.Cr.P. art. 215(A) provides that:
A law enforcement officer may stop a person in á public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“Reasonable suspicion” to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99); 742 So.2d 735, 737; State v. Clay, 97-2858, p. 4 (La.App. 4 Cir. 3/17/99); 731 So.2d 414, 416, writ denied, 99-0969 (La.9/17/99); 747 So.2d 1096. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98); 722 So.2d 988, 989; State v. Tyler, 98-1667, p. 4 (La.App. 4 Cir. 11/24/99); 749 So.2d 767. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, 99-1434, pp. 2-3 (La.App. 4 Cir. 9/8/99); 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99); 752 So.2d 911, 914; State v. Mitchell, 97-2774, p. 9 (La.App. 4 Cir. 2/3/99); 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99); 753 So.2d 296, 299; State v. Keller, 98-0502, p. 2 (La.App. 4 Cir. 3/10/99); 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be. considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99); 733 So.2d 1227, 1231; State v. Williams, 98-3059, p. 3 (La.App. 4 Cir. 3/3/99); 729 So.2d 142, 144. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 3 (La.App. 4 Cir. 5/19/99); 737 So.2d 252, 254, unit denied, 99-1523 (La.10/29/99); 748 So.2d 1160. In reviewing a trial court’s ruling on a motion to suppress, an.,appellate court is not limited to evidence adduced at the hearing on the motion to suppress; it may also consider any pertinent evidence 17given at trial of the case. State v. Nogess, 98-0670, p. 11 (La.App. 4 Cir. 3/3/99); 729 So.2d 132, 137.
Officer Harry O’Neal testified at the motion to suppress hearing that on 20 May 1998 he received a telephone call from a resident in the 3400 block of General Taylor Street. The caller said that he saw a man, wearing rolled up blue jeans and a white T-shirt inside of a grocery store at 3416 General Taylor Street, shoot up “some kind of drug” and try to stab store patrons with a syringe. Officer O’Neal said he and Police Recruit LeBlanc went to the scene, and observed defendant in the street, wearing rolled up blue jeans and a white T-shirt. Officer O’Neal said he and Recruit LeBlanc feared defendant *1149 might attempt to stab them with the syringe he supposedly had in his possession, and ordered him to take his hands out of his pocket. As defendant threw up his hands, a matchbox flew out of his right hand. The matchbox contained cocaine-as well as a hypodermic shield and plunger guards.
Hearsay is permitted at a motion to suppress hearing. State v. James, 990423, p. 11 (La.App. 4 Cir. 2/16/00), 755 So.2d 995, 1002. Considering Officer O’Neal’s testimony at the motion to suppress hearing regarding the information he received from the caller, he and Police Recruit LeBlanc had reasonable suspicion to believe that defendant had committed, a crime, and were justified in stopping him, i.e., ordering him to take his hands out of his pockets and walk toward them. Defendant makes no argument at all concerning the lawfulness of the officers’ actions in opening the matchbox.
There is no merit to this assignment of error.
^CONCLUSION
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s adjudication and sentence as a second-felony habitual offender is reversed, and the case is remanded for re-sentencing.
CONVICTION AFFIRMED, SENTENCE AND ADJUDICATION AS A HABITUAL OFFENDER REVERSED, CASE REMANDED FOR RE-SENTENCING.

. The State does not argue that defendant failed to object as required by LSA-R.S. 15:529.1(D)(1)(b) and, because defendant is not collaterally attacking the prior conviction itself, that provision is not applicable.