| t LOVE, Judge.

STATEMENT OF THE CASE

Defendant Michael Frosch was charged by bill of information on March 23, 2000 with possession of cocaine, a violation of La. R.S. 40:967(C). Defendant pleaded *339 not guilty at his March 28, 2000 arraignment. The trial court denied defendant’s motion to suppress the evidence on April 3, 2000. On April 10, 2000, defendant withdrew his former plea of not guilty and pleaded guilty as charged, reserving his right to appeal the denial of his motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to three years at hard labor, with credit for time served. On the same date, the State filed a habitual offender bill of information, and defendant admitted to being the same person previously convicted of one prior felony offense. The trial court vacated the sentence originally imposed, and re-sentenced defendant as a second-felony habitual offender to three years at hard labor, with credit for time served, to run concurrently with any other sentence defendant was serving. The trial court granted defendant’s motion for appeal, li,FACTS
New Orleans Police Officer Jay Sedge-beer testified that on February 17, 2000, at approximately 11:50 p.m., he and his partner were patrolling an area that had recently been plagued with car burglaries. Officer Sedgebeer observed defendant on Thalia Street, standing next to a bicycle, with his hand on the door handle of a Ford Bronco. As Officer Sedgebeer later described it, defendant was “jiggling” the door handle. Defendant was also looking into the vehicle. The officers drove around the corner, and when they came up Thalia Street, defendant saw them, picked up his bicycle, and hurriedly pedaled away. At that point, the officers stopped defendant. After determining that the vehicle did not belong to defendant, and after learning via a records check that defendant was on probation for possession of cocaine, defendant was arrested for “tampering.” Officer Rodrigue, Officer Sedge-beer’s partner, searched defendant incidental to that arrest, discovering six pieces of crack cocaine in his right pocket.

ERRORS PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR

In his sole assignment of error, defendant claims the trial court erred in denying his motion to suppress the evidence.
On the trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La. C.Cr.P. art. 703(D); State v. Jones, 97-2217, p. 10 (La. App. 4 Cir. 2/24/99), 731 So.2d 389, 395, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the court has the [.^opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4 Cir. 9/22/99), 752 So.2d 192, 193-194.
Defendant first argues that police officers did not have reasonable suspicion to stop him.
La. C.Cr.P. art. 215(A) provides that:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“Reasonable suspicion” to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737; State v. Clay, 97-2858, p. 4 (La.App. 4 Cir. 3/17/99), 731 So.2d 414, *340 416, writ denied, 99-0969 (La.9/17/99), 747 So.2d 1096. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989; State v. Tyler, 98-1667, p. 4 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 770. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, 99-1434, pp. 2-3 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914; State v. Mitchell, 97-2774, p. 9 (La.App. 4 Cir. 2/3/99), 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational 1 inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299; State v. Keller, 98-0502, p. 2 (La.App. 4 Cir. 3/10/99), 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1231; State v. Williams, 98-3059, p. 3 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 3 (La.App. 4 Cir. 5/19/99), 737 So.2d 252, 254, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160.
Flight from police officers, alone, will not provide justification for a stop. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989; State v. Sartain, 98-0378, pp. 17-18 (La.App. 4 Cir. 12/1/99), 746 So.2d 837, 849. However, flight from police officers is highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable suspicion to stop. State v. Fortier, 99-0244, p. 7, (La.App. 4 Cir. 1/26/00), 756 So.2d 455, 459-160, writ denied, 2000-0631 (La.9/22/00), 768 So.2d 1285, citing Benjamin. Moreover, given the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened. Benjamin, supra; Fortier, supra.
In the instant case, police observed defendant at 11:30 p.m., standing next to his bicycle, peering into a parked vehicle, while “jiggling” the door handle— checking to see if it was open. This was observed by officers on patrol in an area where there recently had been a rash of car burglaries. In addition, upon seeing the lBofficers, defendant quickly pedaled away — flight at the sight of police. It cannot be said that a trial court presented with these facts would be clearly wrong in concluding that the officers could have reasonably suspected that defendant had been committing or had been about to commit a crime.
Defendant next argues that officers had no probable cause to arrest him. Warrantless searches and seizures fail to meet constitutional requisites unless they fall within one of the narrow exceptions to the warrant requirement. State v. Edwards, 97-1797, p. 5 (La.7/2/99), 750 So.2d 893, 901, cert. denied, Edwards v. Louisiana, 528 U.S. 1026, 120 S.Ct. 542, 145 L.Ed.2d 421 (1999). One of those exceptions is a search of a person and the area within his immediate control incidental to a lawful arrest. State v. Dorsey, 99-1819, p. 5 (La.App. 4 Cir. 4/19/00), 763 So.2d 21, 24. *341 The only apparent justification for the search in the instant case is that it was incidental to the lawful arrest of defendant.
Officer Sedgebeer testified that defendant was arrested for “tampering.” Code of the City of New Orleans (1995) § 54-152 provides:
Tampering.
(a) It shall be unlawful for any person to commit the crime of tampering.
(b) For the purposes of this section, tampering is the interference with the property of another, without the consent of the owner, with the intent to deprive anyone entitled thereto of the full use or free enjoyment of the property.
An analogous state statute, La. R.S. 14:59, proscribes “criminal mischief,” defining it in part as intentionally doing the following:
(1) Tampering with any property of another, without the consent of the owner, with the intent to interfere with the free enjoyment of any rights of anyone thereto, or with the intent to deprive anyone entitled thereto of the full use of the property.
| fiCode of the City of New Orleans (1995) § 54-12, entitled “Criminal intent; how expressed,” provides:
The definitions of some crimes require a specific criminal intent, while in others no intent is required. Some crimes consist merely of criminal negligence that produces criminal consequences. However, in the absence of qualifying provisions, the terms “intent” and “intentional” have reference to general criminal intent.
La. R.S. 14:11, entitled “Criminal intent; how expressed,” is identical to Code of the City of New Orleans (1995) § 54-12.
Officer Sedgebeer arrested defendant for “tampering.” He did not mention the offense of criminal mischief. Argument at trial was directed to the specific offense of “tampering,” although analogy was made to the state offense of criminal mischief by tampering. The municipal offense of tampering requires both a physical act — the interference with the property of another — combined with the intent to deprive anyone entitled to such property of the full use and free enjoyment of the property. The state offense of criminal mischief by tampering also requires both a physical act — the tampering with the property of another — combined with the intent to interfere with the free enjoyment of any rights of anyone thereto, or with the intent to deprive anyone entitled thereto of the full use of the property.
Criminal mischief by tampering is a specific intent crime. State v. Krueutzer, 583 So.2d 1160, 1163 (La.App. 5 Cir. 1991), citing State v. Elzie, 343 So.2d 712, 713-714 (La.1977) (“in Louisiana, we require proof of specific intent where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence ... ”). As the law pertaining to intent in the Code of the City of New Orleans and the Louisiana Criminal Code are |7identical, and the statutory definition of the municipal offense of tampering requires the intent to produce or accomplish a prescribed consequence, just as the state offense of criminal mischief by tampering, it can be concluded that the municipal offense of tampering also requires specific intent.
In Krueutzer, the defendant was charged with criminal mischief by tampering. The evidence established that defendant stood nude in his yard, and masturbated as he watched his female neighbor through a common fence. The neighbor testified that defendant’s actions had interfered with her enjoyment of her property *342 because she was reluctant to go in the backyard for fear the defendant would repeat the behavior. The appellate court found that defendant’s actions constituted tampering, even though he had not touched the property of another. However, the court was unable to infer from the circumstances that by his actions defendant specifically intended to interfere with or prevent his neighbor’s use of her back yard.
In the instant case, unlike in Krueutzer, the issue is not whether the evidence was sufficient to establish that defendant committed the offense in question. Rather, the issue is whether the officers had probable cause to arrest defendant for the offense. There is probable cause to arrest when the facts and circumstances, either personally known to the arresting officer or of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Bryant, 98-1115, p. 5 (La.App. 4 Cir. 8/4/99), 744 So.2d 108, 111, writ denied, 99-2617 (La.3/17/00), 756 So.2d 322; State v. Creecy, 98-1472, p. 6 (La.App. 4 Cir. 7/14/99), 742 So.2d 615, 619. Probable cause must be judged by the probabilities and practical considerations of everyday life on which average people, and particularly | saverage police officers, can be expected to act. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179, 1184; Creecy, supra.
Officer Sedgebeer observed defendant jiggle the door handle of the vehicle, and peer inside. The municipal offense of tampering is defined in part as the “interference” with the property of another. The American Heritage College Dictionary, 3d ed. (1997), defines interference, in pertinent part, as “[t]he act or an instance of hindering, obstructing, or impeding.” Code of the City of New Orleans § 54-5 provides that the codal provisions “shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with the reference to the purposes of the provision.” It also is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. State v. Carouthers, 618 So.2d 880, 882 (La.1993). Thus, criminal statutes are given a narrow interpretation, and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State. State v. Carr, 99-2209, p. 4 (La.5/26/00), 761 So.2d 1271, 1274.
The obvious purpose of both the municipal offense of tampering and the state offense of criminal mischief is to proscribe mischievous and/or malicious acts by persons directed toward the property of others, acts intended to interfere with the full use and enjoyment of the property by the owner, lessee, etc. It cannot be said that by jiggling the door handle and peering inside of the vehicle defendant hindered, obstructed or impeded anyone’s full use or enjoyment of the vehicle. Further, Officer Sedgebeer testified to no facts sufficient to justify an objective' — or subjective — belief that defendant, in doing these acts, had the specific intent to deprive anyone of the full use or free enjoyment of such property. Officer 19Sedgebeer testified on cross examination merely that his understanding of the law was that the physical act of jiggling the door handle of the vehicle constituted a commission of the offense of tampering. This is incorrect.
The issue in the instant case is whether the trial court was clearly wrong in determining that, based on what Officer Sedgebeer and his partner observed, they *343 had probable cause to believe that defendant had committed the offense of tampering. Police officers on patrol duty are not lawyers or judges, do not ordinarily carry dictionaries with them, and do not have to determine beyond a reasonable doubt whether suspected criminals are possessed of the required mental state for specific intent offenses before determining whether they have probable cause to arrest. However, police officers must be expected to have knowledge of the conduct that is proscribed by the statutes and ordinances they enforce. Based on common sense and the practical considerations of everyday life for a police officer, there is nothing to suggest that it would have been reasonable for a police officer in Officer Sedge-beer’s position to infer from the circumstances that defendant, in jiggling the door handle and peering inside of the vehicle, was either obstructing, impeding or hindering anyone’s use or enjoyment of the vehicle, or that defendant thereby specifically intended to deprive anyone of the full use or free enjoyment of the vehicle.
Accordingly, the State failed to prove that the officers had probable cause to arrest defendant. Consequently, as the cocaine seized from defendant was not seized as a result of a search incidental to a lawful arrest, and the State failed to show any other exception justifying the warrantless seizure of the drugs, the trial court should have granted defendant’s motion to suppress the evidence.

|inDECREE

For the foregoing reasons, the judgment of the trial court denying defendant’s motion to suppress the evidence is reversed and the defendant’s conviction and sentence are vacated and set aside.
REVERSED — CONVICTION AND SENTENCE VACATED AND SET ASIDE.
BYRNES, C.J., dissents with reasons.