JjBYRNES, Chief Judge.
The' State requests a review of the trial court’s ruling that granted the defendant, Ronald Frank’s motion to suppress. We reverse.

*829
Statement of the Case

On June 25, 2001, Frank was charged in case # 422-459 with one count each of possession of cocaine and possession of heroin. On the same date, he was charged in case # 422^491 with one count of simple possession of marijuana. After a hearing on July 25, the trial court granted Frank’s motion to suppress on September 4. The State’s writ application followed, and this court stayed the trial date.

FACTS

On May 28, 2001, a police officer was working a paid detail at Robert’s Market on North Broad Street. He was approached by a couple of customers who told him that some people in a silver and blue van parked behind the store were “smoking some drugs.” The officer did not know the customers, and they refused to give him their names. The officer went through the store to the back of the warehouse, where he looked through an open doorway and saw a van parked | ¡¡across the street on Dorgenois Street. There were no other vans parked in the area. He saw a man and woman sitting in the van. The man was smoking something, but the officer could not determine what the man was smoking. The officer then notified dispatch of this possible criminal activity.
Other officers responded to the call and pulled up behind the van, which was parked on the side of the road. Although one of these officers testified that he had been told that one of the occupants of the van was “shooting narcotics” while the other was smoking a marijuana cigarette, he later admitted that he had not received this information prior to approaching the van. The officers activated their lights and saw the occupants of the van “scrambling” as if to hide something. Fearing there might be weapons, the officers ran up to the van and noticed through the open windows a syringe sitting in the lap of the passenger, later identified as the defendant Ronald Frank. A female was sitting in the driver’s seat. Upon seeing the syringe in Frank’s lap, the officers opened both doors and ordered the occupants out of the van. When the officers opened the door, they could smell marijuana. As Frank and his companion exited the van, the officers saw a small hand-rolled cigarette between Frank’s legs. The officers seized the cigarette, which was later found to contain marijuana, and the syringe, which contained a clear liquid. Both Frank and the woman told the officers that Frank was diabetic and that insulin was in the syringe. The officer admitted he found an insulin kit in the van. There was some dispute as to whether Frank lived in the area of his arrest.
The trial court suppressed the evidence because it found the officers did not | ahave reasonable suspicion of criminal activity on the defendant’s part to approach the van. The State counters, however, that the officers did not need reasonable suspicion in their initial approach of the van, and once they looked inside the open window, they saw the syringe in plain view. The State argues that this view, with the tip, gave the officers reasonable suspicion to detain the defendant.

Standard of Review

The appellate court reviews the district court’s findings of fact on a motion to suppress under a clearly erroneous standard, and will review the district court’s ultimate determination of Fourth Amendment reasonableness de novo. U.S. v. Seals, 987 F.2d 1102 (5 Cir.1993), cert. denied, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). On mixed questions of law and fact, the appellate court reviews the underlying facts on an abuse of discretion standard, but reviews conclusions to be drawn from those facts de novo. Unit *830 ed States v. O’Keefe, 128 F.3d 885 (5 Cir. 1997), cert. denied, 523 U.S. 1078, 118 S.Ct. 1525, 140 L.Ed.2d 676 (1998).
In the present case, the testimony at the hearing shows that the officers saw the syringe in plain view as they ran up to the van. In State v. Smith, 96-2161 p. 3 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this court discussed the plain view exception:
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection |4that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 and 1140 (La.1993). In Tate, this court further noted: “In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found ‘inadvertently’ in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.” Tate at 917.
In the present case, the officer saw the syringe as he was standing outside the van, looking in through the open window. Anyone passing the van could have also looked inside and seen the syringe lying on the defendant’s lap. The defendant had no expectation of privacy in the area where the syringe was lying, and the officers did not need even reasonable suspicion to stand outside the van and look inside. The fact that the officers activated their lights and ran up to the van prior to seeing the syringe is not controlling because anyone walking by and looking inside could have seen the syringe. Therefore, the syringe was discovered in plain view, and the officers could lawfully seize it.
Once the officers saw the syringe, they had reasonable suspicion to detain the defendant and order him out of the van. In State v. Dank, 99-0390 pp. 4-5 (La.App. 4 Cir. 5/24/00), 764 So.2d 148, 154-155, this court addressed the issue of reasonable suspicion to support an investigatory stop of a suspect:
La.C.Cr.P. art. 215.1A provides that:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“Reasonable suspicion” to stop is something less than the probable cause required for an arrest, and the | .¡reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737; State v. Clay, 97-2858, p. 4 (La.App. 4 Cir. 3/17/99), 731 So.2d 414, 416, writ denied, 99-0969 (La.9/17/99), 747 So.2d 1096. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989; State v. Tyler, 98-1667, P. 4 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 770. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, 99-1434, pp. 2-3 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether *831 reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914; State v. Mitchell, 98-1129, p. 9 (La.App. 4 Cir. 2/3/99), 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299; State v. Keller, 98-0502, p. 2 (La.App. 4 Cir. 3/10/99), 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer’s past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1231; State v. Williams, 98-3059, p. 3 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 3 (La.App. 4 Cir. 5/19/99), 737 So.2d 252, 254, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160....
In the present case, the officer working a detail had received an anonymous tip that people in a van parked behind the store were “smoking some drugs” inside the van. The officer looked outside and saw the van occupied by two people, one of whom was smoking an unknown substance. The officer relayed this information to other officers, who approached the van and saw a syringe lying on the lap of the front seat passenger, the defendant. Even though the initial tip was in[fiessence anonymous, the officers’ subsequent observations gave them reasonable suspicion of criminal activity to order the defendant and his companion out of the van. As the subjects complied, the officers detected the odor of marijuana and saw the hand-rolled cigarette between the defendant’s legs. The officers could seize the cigarette pursuant to the plain view exception, and at that point they had probable cause to arrest the defendant for possession of the marijuana cigarette and the syringe.
It is unclear if the officers searched the van, but according to the officers’ testimony, the only evidence seized in this case was the syringe (and its contents) as well as the marijuana cigarette. These items were lawfully seized,
Accordingly, the trial court’s ruling is reversed. The defendant’s motion to suppress is denied, and the stay order is vacated. The ease is remanded for further proceedings.
WRIT GRANTED; REVERSED & REMANDED.
LOVE, J, dissents with written reasons.