839 So.2d 377 (2003)
STATE of Louisiana
v.
Elbert J. JONES.
No. 2002-KA-1168.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 2003.
Harry F. Connick, District Attorney of Orleans Parish, Julie C. Tizzard, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
JAMES F. McKAY III, Judge.
STATEMENT OF CASE
Defendant Elbert Jones was charged by bill of information on September 11, 2001, with one count of being a convicted felon with a firearm in violation of La. R.S. 14:95.1. Defendant pleaded not guilty at his September 21, 2001, arraignment. A motion hearing was held on September 28, 2001, after which the trial court found probable cause and denied the defendant's motion to suppress the evidence. On October 18, 2001, a twelve-person jury found the defendant guilty of attempted possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. On October 25, 2001, the trial court ordered a pre-sentence investigation on the defendant. On January 18, 2002, the defendant was sentenced to six years without the benefits of probation, parole or suspension of sentence, and credit for time served. On that same date, the trial court denied the defendant's motion to reconsider sentence, and the defendant filed a written motion for appeal, which the trial court granted.
STATEMENT OF FACT
Sergeant Todd Morrell testified at the defendant's motion hearing that on June 24, 2001, he responded to a dispatch call of a black male wearing a yellow shirt and *378 blue shorts in the 3000 block of Mandeville Street in possession of a gun. Sergeant Morrell further testified that when he arrived on the scene he observed several people on the left side of the street and he observed the defendant standing there wearing a yellow shirt and blue shorts. Sergeant Morrell testified that as he exited his vehicle to approach the defendant, the defendant began to walk away and appeared to be looking around in a nervous confused manner. Sergeant. Morrell called to the defendant to stop but the defendant walked faster. When Sergeant Morrell caught up with the defendant he had the defendant place his hands on a wall, and began to conduct a pat down search for his safety. During the search Sergeant Morrell removed a fully loaded automatic handgun from the waistband of the defendant's pants. The defendant was then advised of his rights and arrested.
In a statement made before sentencing, the defendant stated to the court that prior to Sergeant Morrell's arrival on the scene the defendant broke up an argument between two men, and he took the gun away from one of the men involved in the argument.
ERRORS PATENT
A review of the record revealed no errors patent.
DISCUSSION
ASSIGNMENT OF ERROR NUMBER 1
The defendant complains the trial court erred in denying his motion to suppress the evidence. Specifically, the police lacked the reasonable suspicion necessary to conduct an investigatory stop based on an anonymous call that an unknown person in certain clothing was in possession of a gun.
In State v. Dank, 99-0390 pp. 4-5 (La. App. 4 Cir. 5/24/00), 764 So.2d 148, 154-155, this court addressed the issue of reasonable suspicion to support an investigatory stop of a suspect:
La.C.Cr.P. art. 215.1(A) provides that:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
"Reasonable suspicion" to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Littles, 98-2517, p. 3 (La.App. 4 Cir. 9/15/99), 742 So.2d 735, 737; State v. Clay, 97-2858, p. 4 (La.App. 4 Cir. 3/17/99), 731 So.2d 414, 416, writ denied, 99-0969 (La.9/17/99), 747 So.2d 1096. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989; State v. Tyler, 98-1667. P. 4 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 770. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy that it entails. See State v. Harris, 99-1434, pp. 2-3 (La.App. 4 Cir. 9/8/99), 744 So.2d 160, 162. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Oliver, 99-1585, p. 4 (La.App. 4 Cir. 9/22/99), 752 So.2d 911, 914; State v. Mitchell, 98-1129, p. 9 (La.App. 4 Cir. 2/3/99), 731 So.2d 319, 326. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, *379 p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299; State v. Keller, 98-0502, p. 2 (La.App. 4 Cir. 3/10/99), 732 So.2d 77, 78. In reviewing the totality of the circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1231; State v. Williams, 98-3059, p. 3 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 3 (La.App. 4 Cir. 5/19/99), 737 So.2d 252, 254, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160.
The appellant argues that the tip did not give the officers reasonable suspicion to stop him, citing Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), where the U.S. Supreme Court held that the officers did not have reasonable suspicion to conduct an investigatory stop. The police received an anonymous tip that a man at a certain location, dressed in a certain way, was carrying a gun. The officer went to that location and saw the defendant, who matched the description. Even though the officers did not see the defendant engage in any suspicious activity, they stopped and detained him based on the tip. The U.S. Supreme Court found that the anonymous tip, which merely described the defendant and noted his location, did not give the officers reasonable suspicion to stop him. The Court noted that anonymous tips such as the one in that case, which gave no predictive information, gave the officers no means to test the informant's knowledge or credibility. The Court stated:
An accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.
Id. at 272, 120 S.Ct. at 1379.
Likewise, in State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268, the anonymous tip noted that the defendant was selling drugs, described the vehicle the defendant drove, and noted where his vehicle would be parked when he was not using it to sell drugs. The officers went to that location and saw the vehicle just being driven away. The officers followed, and when the defendant stopped the vehicle, the officers detained him and called for a canine unit. Contraband was subsequently discovered. Upon review of the trial court's denial of the motion to suppress the evidence and this court's denial of writs from that refusal, the Court reversed, finding the corroboration of the "tip" did not give the officers reasonable suspicion to stop the defendant. The Court noted that the tip, being anonymous, lacked an indicia of reliability or basis of knowledge, and the officers' failure to corroborate any claim of criminal activity gave them an insufficient basis for a finding of reasonable suspicion to support the stop. The Court noted:
We note that the police were not powerless to act on the non-predictive, anonymous tip they received. The officers could have set up more extensive surveillance of defendant until they observed suspicious or unusual behavior. Furthermore, if, after corroborating the readily observable facts, the officers had noticed unusual or suspicious conduct on *380 defendant's part, they would have had reasonable suspicion to detain him. These circumstances, however, were not present here. In the absence of any suspicious conduct or corroboration of information from which police could conclude that the anonymous informant's allegation of criminal activity was reliable, we must conclude that there was no reasonable suspicion to detain defendant. The trial judge erred in holding otherwise.
Robertson, 98-2960 pp. 5-6, 721 So.2d at 1270-1271.
In State v. Morales, 583 So.2d 129 (La. App. 4 Cir.1991), this court found that a tip from an anonymous informant was sufficient to create reasonable suspicion to stop the defendant when the information from the tip was corroborated by independent police work. However, in State v. Belton, 441 So.2d 1195 (La.1983), The Louisiana Supreme Court stated:
The totality of the circumstances, the whole picture, must be considered in determining whether reasonable cause exists. (Citations omitted). Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, ... this type of conduct may be highly suspicious and, therefore, may be on of the factors leading to a finding of reasonable cause.
This Court in State v. Washington, XXXX-XXXX (La.App. 4 Cir. 3/21/01), 788 So.2d 477, found the defendant's startled expression, flight by walking away, and presence in a known narcotics area gave the officers in the case reasonable suspicion to stop the defendant. Therefore, it appears the tip coupled with the defendant's actions upon seeing Sergeant Morrell provided reasonable suspicion to stop the defendant. The trial court's denial of the defendant's motion to suppress should be affirmed.
Accordingly, for the above and foregoing reasons we affirm the defendant's conviction and sentence.
AFFIRMED.