737 So.2d 252 (1999)
STATE of Louisiana
v.
Ronald RATLIFF.
No. 98-KA-0094.
Court of Appeal of Louisiana, Fourth Circuit.
May 19, 1999.
*253 William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Defendant/Appellant, Ronald Ratliff.
Harry F. Connick, District Attorney, Suzanne S. Dickey, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, Attorneys for Appellee/The State of Louisiana.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Ronald Ratliff was convicted of possession of cocaine, and sentenced to serve five years at hard labor. He subsequently pled guilty to being a multiple offender and was resentenced to ten years at hard labor. In his sole assignment of error, Mr. Ratliff contends that the trial court erred in denying his motion to suppress the evidence because the officers did not have reasonable suspicion that he had or was about to commit a crime before stopping him. We agree.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.Code Crim. Proc. art. 215.1. An officer who stops a person pursuant to art. 215.1, may conduct a limited pat-down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.Code Crim. Proc. art. 215.1(B).
"Reasonable suspicion" is something less than the probable cause required for an arrest. A reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of a suspect's rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d *254 868; State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94), 633 So.2d 819.
It is undisputed that on March 8, 1997, at around 11:00 p.m., Officers Kevin Burns and Robert Miller had been sent to the area of the 4200 block of Darby Street by their captain because of drug traffic in that area. As they turned the corner they saw Ronald Ratliff and two or three other people standing in front of a residence at 4224 Darby Street. Officer Burns testified that:
We stopped them to investigate for drugs and we asked them to walk over to the police vehicle. Ronald Ratliff had something in his hand and when we asked him to put his hands on the car, he put one hand on the car and he dropped something from his left hand, then he put his left hand on the car. I retrieved it and it was found to be drugs, crack cocaine.
Initially, the State argues that the evidence was abandoned before Mr. Ratliff had submitted to the officers' authority. As such, the evidence need not be suppressed pursuant to State v. Tucker, 626 So.2d 707 (La.1993), because there is no expectation of privacy in the discarded property and thus no violation of the person's custodial rights.
The undisputed facts of this case, however, do not support this argument. Although the State argues that Mr. Ratliff was free to go at the time the evidence was discarded, Officer Burns admitted that he would not have allowed Mr. Ratliff to walk away.
Alternatively, the State argues that the officers had reasonable suspicion to make an investigatory stop. We disagree.
Officer Burns testified that he and his partner were on "proactive" patrol in an area known for drug trafficking, and were not looking for anyone specifically. He acknowledged that neither Mr. Ratliff nor the other people standing in front of 4224 Darby Street were doing anything wrong. Officer Burns testified that it was his belief that Mr. Ratliff having his arms folded with his fist clenched created enough suspicion for him to conduct an investigatory stop, although he recognized that someone holding something in his or her fist is not a crime.
We recognize that the reputation of an area is an articulable fact upon which an officer may rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.), writ denied, 578 So.2d 131 (1991). We also note that deference should be given to the experience of the officers who were present at the time of the incident. State v. Taylor, 96-1843, p. 4 (La.App. 4 Cir. 10/29/97), 701 So.2d 766, 770, writ denied 98-2233 (La.1/8/99), 1999 WL 39785, 734 So.2d 1224.
However, considering the totality of the circumstances, we must conclude that the officers lacked reasonable suspicion to stop Mr. Ratliff. Arguably, the fact that Mr. Ratliff kept his hand clenched the entire time the officers questioned him and his group and while he walked to the police car reasonably could have aroused the officers' suspicion. However, Mr. Ratliff and his friends were subjected to an investigatory stop before this happened. Officer Burns testified that he decided to conduct an investigatory stop simply because Mr. Ratliff was standing, with his arms folded and his fist closed, on the sidewalk in front of a house at 11:00 in the evening in an area known for drug trafficking. Officer Burns could point to no other factors in support of the stop. He observed no transactions between the members of the group or passing vehicles; none of the group attempted to flee when the officers' approached; no one was doing anything wrong.
Although this Court is cognizant of the drug related criminal problem in this state and City, we cannot agree that the officers' stop of Mr. Ratliff was based on reasonable *255 suspicion. For this reason, the conviction is reversed.[1]
REVERSED.
NOTES
[1] Because of this disposition we need not address the sentencing error assigned by the State.