781 So.2d 616 (2001)
STATE of Louisiana
v.
Anthony SYLVESTER.
No. 2000-KA-1522.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2001.
Harry F. Connick, District Attorney, Anne M. Dickerson, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Arthur J. O'Keefe, Metairie, LA, Counsel for Defendant/Appellant.
Court composed of Judge KIRBY, Judge LOVE, and Judge GORBATY.
KIRBY, Judge.
On September 15, 1999, the defendant, Anthony Sylvester, was charged with possession of heroin, in violation of La. R.S. 40:966. The defendant pled not guilty at his arraignment on September 30, 1999. On October 6, 1999, the defendant filed discovery and suppression motions. The trial court conducted a preliminary and suppression hearing on October 29, 1999. The trial court found probable cause and denied defendant's motions to suppress evidence and statements. On November 23, 1999, the defendant elected a bench trial. After trial, the trial court rendered judgment *617 on December 10, 1999, finding the defendant guilty of attempted possession of heroin. The State filed a multiple bill of information alleging defendant to be a second felony offender. The trial court sentenced the defendant to serve two and one-half years at hard labor. The defendant then pled guilty to the multiple bill of information. The trial court adjudicated defendant a second felony offender, vacated the original sentence imposed and resentenced defendant to two and one-half years at hard labor under La. R.S. 15:529.1. Defendant appeals.

STATEMENT OF FACTS
At approximately 6:35 p.m. on May 11, 1999, New Orleans Police Officers Chinh Nguyen and Louis Martinez were patrolling the area around the Behrman Recreational Center. They had received calls on the drug hotline and from people jogging in the park concerning illegal narcotics use in the area. While the officers were patrolling, they observed a red vehicle parked on the side of the road. There were two men in the car that were looking down towards the floorboard. As the officers approached, the two men looked up. When the two men saw the officers, they started fumbling around like they were hiding something. The officers stopped and exited their vehicle, and approached the red vehicle. The defendant, who was seated in the driver's seat, jumped out of the car. Officer Nguyen ordered the defendant to turn around and place his hands on the car. The officer observed that the defendant was holding something in his right hand. Concerned for his safety, the officer ordered the defendant to open his hand. When the defendant opened his hand, a red cap to a syringe fell to the ground. Officer Nguyen's partner walked over to the passenger side of the vehicle, and Officer Nguyen became concerned for his partner's safety. As he looked towards the passenger side of the vehicle, he observed a syringe containing red and offwhite liquids next to the driver's seat on the floorboard. He also observed a spoon with residue, a piece of paper with residue and a purple lighter on the center console. The officer also saw the passenger drop a syringe on the passenger side floorboard. The officers retrieved all items. The defendant and the passenger were arrested and advised of their rights. The defendant told the officers that they had just gotten off work and just wanted to "get a little high."
It was stipulated at trial that the syringe found on the driver's side floorboard and the spoon tested positive for heroin.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends that the trial court erred when it denied his motion to suppress evidence. The defendant argues that the police officers did not have reasonable cause to stop him.
A police officer has the right to detain briefly and interrogate a person when the officer has a reasonable articulable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Tucker, 626 So.2d 707 (La.1993). "Reasonable suspicion" is something less than probable cause, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of an individual's right to be free from governmental interference. State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268. Mere suspicious *618 activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982). However, the level of suspicion need not rise to the probable cause needed for a lawful arrest. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person to be stopped is or is about to be engaged in criminal activity, or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62 (La.1993).
In State v. Ganier, 591 So.2d 1328 (La. App. 4 Cir.1991), police officers were patrolling a housing project in New Orleans known to be a center of drug trafficking. The defendant saw the officers, turned "suspiciously," began to walk away slowly, and then began to run. The officers chased the defendant until he was apprehended. This court found that two factors were sufficient to justify a stop of the defendant: the area's reputation for drug trafficking, and the suspicious actions of the defendant. This court noted:
... Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not a case of a man merely standing on a street corner who is detained by the police simply because he is there.
State v. Ganier, 591 So.2d at 1330.
However, in cases where the defendant did not flee, this court has refused to find reasonable suspicion. In State v. Scott, 98-2642 (La.App. 4 Cir. 2/16/00), 754 So.2d 1108, writ denied, XXXX-XXXX (La.9/29/00), 769 So.2d 1219, the only facts articulated by the officers were (1) that the area they were patrolling was known for narcotics and prostitution activity and (2) that defendant was standing or hovering near and looking into the "open" back door of an open business establishment. It was unclear from the record whether the "open" door was actually standing open in addition to being unlocked. However, because defendant was looking or "peeping" into the door, the court assumed that the door, if not a glass door, was at least partially standing open. The court noted however that on the other hand, at the suppression hearing, the detective admitted that the parking lot near which he saw defendant was a public place, presumably meaning that anyone could have access to the area without difficulty. The detective also testified that defendant never attempted to open or enter the hotel door, nor did he notice defendant speaking or gesturing to anyone. Defendant did not attempt to discard or hide the pipe or to flee when he noticed the officers, although the detective stated that defendant had no opportunity to do so because the officers were very close to him before he first noticed them. In fact, the detective testified that defendant did not notice the officers until they were "getting out of the car right on him." The record contained no statement by the officers as to what crime they believed defendant was about to commit, nor was there any indication that the particular hotel was known for drug trafficking. Finally, the State elicited no testimony indicating how long the officers observed defendant's *619 conduct before they decided to conduct an investigatory stop. This court stated:
[T]he State did not produce sufficient evidence to support the conclusion that the officers acted on more than pure suspicion when they stopped and frisked the defendant. The record reveals that, at the time the officers decided to stop defendant, his actions were consistent with those of someone waiting for a hotel employee or guest. There were no objective signs that defendant was engaged in drug-related or other criminal activity. Cf. State v. Smith, 96-0640 (La.App. 4 Cir. 4/30/97), 694 So.2d 509, writ denied, 97-1424 (La.11/14/97), 703 So.2d 1287 (suspect in alley in highcrime area seen holding unmarked medicine bottle commonly used to hold illegal drugs). Finally, we note that the State has cited no cases tending to justify a finding of reasonable suspicion on the minimal facts presented here.
Id. at pp. 5-6, 754 So.2d at 1111.
In State v. Ellington, 96-0766 (La.App. 4 Cir. 9/4/96), 680 So.2d 174, the defendant was standing in an area known for drug trafficking and prostitution. Upon seeing a marked police car, he briskly placed something in his pants pocket. Having observed the defendant's motion, the police officer driving the car stopped and frisked him, finding cocaine. The defendant filed a motion to suppress this evidence, which the trial court granted. This court later affirmed, finding that the officer lacked reasonable suspicion to conduct the investigatory stop.
In State v. Ratliff, 98-0094 (La.App. 4 Cir.5/19/99), 737 So.2d 252, writ denied, 99-1523 (La.10/29/99), 748 So.2d 1160, the defendant was observed standing with two or three other subjects in front of a residence late in the evening. Officers on proactive patrol made an investigatory stop, having received general complaints in the neighborhood. The officers observed defendant with his arms folded and holding something in his hand, but they saw no exchange and, in fact, admitted that none of the subjects appeared to be doing anything wrong. This court there considered the reasonableness of the stop as follows:
We recognize that the reputation of an area is an articulable fact upon which an officer may rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4 Cir.), writ denied, 578 So.2d 131 (1991). We also note that deference should be given to the experience of the officers who were present at the time of the incident. State v. Taylor, 96-1843, p. 4 (La.App. 4 Cir. 10/29/97), 701 So.2d 766, 770, writ denied, 98-2233 (La.1/8/99), 1999 WL 39785, 734 So.2d 1224.
However, considering the totality of the circumstances, we must conclude that the officers lacked reasonable suspicion to stop Mr. Ratliff. Arguably, the fact that Mr. Ratliff kept his hand clenched the entire time the officers questioned him and his group and while he walked to the police car reasonably could have aroused the officers' suspicion. However, Mr. Ratliff and his friends were subjected to an investigatory stop before this happened. Officer Burns testified that he decided to conduct an investigatory stop simply because Mr. Ratliff was standing, with his arms folded and his fist closed, on the sidewalk in front of a house at 11:00 in the evening in an area known for drug trafficking. Officer Burns could point to no other factors in support of the stop. He observed no transactions between the members of the group or passing vehicles; none of the group attempted to *620 flee when the officers' approached; no one was doing anything wrong.
Although this Court is cognizant of the drug related criminal problem in this state and city, we cannot agree that the officers' stop of Mr. Ratliff was based on reasonable suspicion. For this reason, the conviction is reversed.
Id. at pp. 3-4, 737 So.2d at 254-255 (emphasis added).
At the motion to suppress hearing in the present case, Officer Nguyen admitted that neither the defendant nor the other occupant of the parked vehicle were free to leave once the officers exited their vehicle and approached the other vehicle. At that point, a stop had occurred. According to Officer Nguyen's testimony at trial and at the motion hearing, the officers' only basis for detaining the defendant was because of prior generalized complaints of drug activity in the area. They did not see the defendant engage in a narcotics transaction. Nor did they have any specific information concerning the defendant. The only reason that the officers decided to approach and detain the defendant was because of the generalized complaints and the fact that the defendant and the passenger appeared to be fumbling with something in the vehicle. Such testimony is not sufficient evidence to establish that the police officers had reasonable cause to believe the defendant had committed, was committing or was about to commit a crime. As the officers did not have reasonable cause to detain the defendant, the trial court erred when it denied defendant's motion to suppress evidence. If the officers had not detained the defendant, they would not have discovered the syringe and spoon, which both contained heroin.
For these reasons, the defendant's conviction is reversed.[1] This case is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Because of this disposition, we need not address the remaining assignments of error.