826 So.2d 1106 (2002)
STATE of Louisiana,
v.
Anthony SYLVESTER.
No. 2001-K-0607.
Supreme Court of Louisiana.
September 20, 2002.
*1107 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Anne M. Dickerson, for Applicant.
Arthur J. O'Keefe, for Respondent.
PER CURIAM.
We granted the state's application to review the decision of the court of appeal reversing respondent's conviction and sentence for attempted possession of heroin on grounds that the trial court erred in denying his motion to suppress the evidence. For the reasons that follow, we reverse and remand this case to the court of appeal.
The circumstances leading to respondent's arrest are undisputed, although how they are characterized is a matter of considerable controversy. On May 11, 1999, at approximately 6:35 p.m., New Orleans Police Officers Nguyen and Martinez were on patrol in the Behrman Recreational Center in response to various citizen complaints of drug activity in the area. The officers observed a red vehicle parked with two men inside, whose attention appeared to be directed to the car's floorboard. When the officers approached in their police vehicle, the two men looked up and started fumbling around as if they were hiding something. The officers parked their car at a 45-degree angle facing the front of the red car. When Officer Nguyen exited his patrol unit, respondent, who had been sitting on the driver's side of the red car, jumped out of the vehicle with his right hand clenched into a fist as if he were holding something. Officer Nguyen ordered him to turn around and put his hands on the car. After respondent did as he was told, the officer walked up behind him, grabbed respondent by his belt, and ordered him to open his right hand. Respondent again complied and a red cap to a syringe fell out of his hand to the ground. Officer Nguyen recovered the cap and then watched his partner for safety as Officer Martinez approached the passenger side of the red car. Looking into the car, Officer Nguyen could plainly see a bloody syringe lying on the floorboard next to the driver's seat and a spoon with residue and a piece of paper also with residue on the center console. He also witnessed the passenger drop a syringe, still capped, to the floorboard on his side of the vehicle. The officers retrieved all of the items and placed the two men under arrest for possession of heroin. After Officer Nguyen advised respondent of his rights, he volunteered that, "[We]'ve been on heroin and [we] were just []here after work to get a little high." The uncapped syringe and the spoon subsequently tested positive for heroin.
Respondent was charged with possession of heroin in violation of La.R.S. 40:966(C). Following denial of his motion to suppress and after a bench trial, the court found respondent guilty of the lesser offense of attempted possession of heroin and sentenced him as a multiple offender to two and one-half years imprisonment at hard labor. On appeal, the Fourth Circuit agreed with respondent that "[t]he only reason that the officers decided to approach and detain the defendant was because of the generalized complaints [of drug activity in the area] and the fact that the defendant and the passenger appeared to be fumbling with something in the vehicle." State v. Sylvester, 00-1522, p. 7 (La.App. 4th Cir.2/7/01), 781 So.2d 616, 620. For the court of appeal, "[s]uch testimony is not sufficient evidence to establish *1108 that the police officers had reasonable cause to believe the defendant had committed, was committing or was about to commit a crime." Id. Because, in its view, the officers lacked reasonable suspicion to detain respondent, and because the officers "would not have discovered the syringe and spoon, which both contained heroin," if they had not detained respondent in the first place, the court of appeal concluded that the trial court had erred in denying his motion to suppress. Sylvester, 00-1522 at 7, 781 So.2d at 620.
However, even assuming that all of the evidence seized by the officers derived from the detention of respondent, we disagree with the court of appeal that the officers lacked reasonable suspicion to make an investigatory stop at the point at which the stop or seizure actually occurred in this case. For Fourth Amendment purposes, a seizure occurs either with the application of physical force to an individual or by the individual's submission to the assertion of official authority. California v. Hodari D., 499 U.S. 621, 626-27, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991). Under Louisiana's slightly broader definition of the term, a seizure may also occur "when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain [to occur]." State v. Tucker, 626 So.2d 707, 712 (La. 1993). However, under either definition, the police remain free to exercise "the same right as any citizen to approach an individual and ask a few questions." State v. Jackson, 00-3083, p. 3 (La.3/15/02), 824 So.2d 1124, 1126 (citing People v. Dickinson, 928 P.2d 1309, 1312 (Colo.1996))(after police officer observed two men sitting in a vehicle with their heads bent down, his action "of merely approaching the vehicle and identifying himself as a police officer did not implicate the protections of the Fourth Amendment."); see also United States v. Drayton, ___ U.S. ___, ___, 122 S.Ct. 2105, 2110, 153 L.Ed.2d 242 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen."); Florida v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991)("[T]he proposition that police officers can approach individuals as to whom they have no reasonable suspicion and ask them potentially incriminating questions .... is by no means novel; it has been endorsed by the Court any number of times.") (citations omitted).
Officer Nguyen testified at the hearing on the motion to suppress that he parked his patrol unit in front of the red vehicle at a 45-degree angle not to block the other car but to provide the officers with a clear view of the vehicle's interior and occupants. Cf. State v. Broussard, 00-3230 (La.5/24/02), 816 So.2d 1284 (boxing in defendant's vehicle with patrol units stationed in front and in back of his car constituted a seizure for Fourth Amendment purposes). Because the officers had the right to approach the red vehicle and ask its occupants a few questions without regard to whether they possessed reasonable suspicion for an investigatory stop or probable cause for an arrest, the encounter in the present case did not implicate the Fourth Amendment until after respondent reacted to the police presence by jumping out of the driver's side of his vehicle with his right hand clenched into a fist. A seizure or stop then occurred when Officer Nguyen ordered respondent to turn and place his hands on the red car and respondent complied, thereby submitting to the officer's assertion of authority. Hodari D., 499 U.S. at 626, 111 S.Ct. at 1551. At that point, no reasonable person would have felt free to terminate the encounter *1109 and walk away. Florida v. Royer, 460 U.S. 491, 502, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983).
In determining whether police officers have a "particularized and objective basis" for conducting an investigatory stop, reviewing courts "must look at the `totality of the circumstances' of each case," a process which "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that `might well elude an untrained person.'" United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002)(quoting United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)); State v. Johnson, 01-2081 p. 3 (La.4/26/02), 815 So.2d 809, 811 ("The assessment by a reviewing court of the cumulative information known to the officers avoids a `divideand-conquer analysis' by which the whole becomes less than the sum of its parts because each circumstance examined individually may appear `readily susceptible to an innocent explanation.'") (quoting Arvizu, 534 U.S. at 274, 122 S.Ct. at 751.).
In the present case, respondent and his passenger first caught the attention of the officers because they sat with their heads bent down in a car stopped in the area targeted by citizen complaints of drug activity when they should have been "outside enjoying the park [on a nice day]." After they spotted the officers, the two men then began fumbling on the floor board of the car "as if they were hiding something." At the approach of the officers, respondent then jumped from the car with his fist closed. These circumstances provided the officer with a particularized and objective basis for seizing respondent to maintain the status quo momentarily while obtaining more information. State v. Fauria, 393 So.2d 688, 690 (La.1981). In addition, the officer's concern for his own protection and that of his partner justified ordering respondent to open his fist. See United States v. Moore, 235 F.3d 700, 704 (1st Cir.2000)("Weapons such as knives and razors can ... be concealed inside a closed fist."); State v. Williams, 249 Neb. 582, 544 N.W.2d 350, 353 (1996)("If ... a police officer is justified in conducting a protective weapons search based upon the officer's reasonable belief that a suspect may be armed and dangerous, such a weapons search would necessarily include the right to search a clenched fist."). Officer Nguyen thus lawfully recovered the syringe cap dropped by respondent to the ground and the officer's observation of the narcotics paraphernalia visibly strewn about the interior of the red car justified his immediate entry of the vehicle and seizure of the spoon and syringes as well. See Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996)("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.") (citations omitted).
The trial court therefore ruled properly in denying the motion to suppress. Accordingly, the decision of the Fourth Circuit is reversed and this case is remanded to the court of appeal for consideration of respondent's remaining assignments of error pretermitted on original hearing.
JUDGMENT OF THE COURT OF APPEAL REVERSED; CASE REMANDED.