MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

In State v. Anthony Sylvester, 2000-1522 (La.App. 4 Cir. 2/7/2001), 781 So.2d 616, this Court reversed the defendant’s conviction finding the trial court erred in denying defendant’s motion to suppress evidence. This Court concluded that the police officers did not have reasonable cause to detain the defendant. The Louisiana Supreme Court granted the State’s writ application, reversing this Court’s ruling and remanding the case to this Court for consideration of the defendant’s other assignments of error. State v. Anthony Sylvester, 2001-0607 (La.9/20/2002), 826 So.2d 1106. The Supreme Court held that the police officers did have reasonable cause to detain the defendant and therefore, the trial court did not err when it denied the defendant’s motion to suppress evidence.
In the original appeal, the defendant assigned two additional assignments of error: the denial of his motion to suppress statement and insufficiency of evidence.

*1186
\ .DISCUSSION

ASSIGNMENT OF ERROR NUMBER TWO

Defendant, in his second assignment of error, argues that the trial court erred in denying his motion to suppress statement. The defendant contends that the State failed to prove that the statement was knowingly and voluntarily made.
The State has the burden of proving the admissibility of a purported statement at a motion to suppress hearing. La.C.Cr.P. art. 703(D); State v. Hohn, 95-2612, p. 3 (La.App. 4 Cir. 1/19/96), 668 So.2d 454, 456. Before a statement or confession can be admitted into evidence, it must be shown that it was made freely and voluntarily and not under the influence of fear, duress, intimidation, menace, threats, inducements or promises. La. R.S. 15:451. State v. Sepulvado, 93-2692, p. 4 (La.4/8/96), 672 So.2d 158, 163; State v. Hohn. “The testimony of police officers alone can be sufficient to prove the defen dant’s statements were freely and voluntarily given.” State v. Gibson, 93-0305, p. 7 (La.App. 4 Cir. 10/13/94), 644 So.2d 1093, 1097. In determining the voluntariness of a statement, the trial court must review the totality of the circumstances. State v. Sepulvado; State v. Dunn, 94-776, p. 15 (La.App. 5 Cir. 2/15/95), 651 So.2d 1378, 1387. A trial court’s determination as to the admissibility of a statement is within the discretion of the trial court and its decision will not be disturbed unless unsupported by the evidence. State v. Tart, 93-0772, p. 23 (La.2/9/96), 672 So.2d 116, 126; State v. Samuels, 94-1408, p. 7 (La.App. 4 Cir. 6/7/95), 657 So.2d 562, 566.
Police officers are not obliged to ignore spontaneous and unsolicited statements by someone in custody, as long as those statements do not result from police-initiated custodial interrogation or questioning “reasonably likely to elicit an incriminating response.” State v. Ross, 95-1798 (La.3/8/96), 669 So.2d 384, 386.
|3The statement in question was made by the defendant to Officer Nguyen as the officer was detaining the defendant. The defendant allegedly stated that they had just gotten off of work and wanted to get a little high. There is confusion over whether the officer had advised the defendant of his Miranda rights before the defendant made the statement. The officer testified on direct examination that the defendant made the statement while the officer was detaining defendant but prior to defendant’s arrest and advisement of his Miranda rights. On cross-examination, the officer stated that the defendant made the statement after he had been arrested and advised of his rights. Such a distinction is of no consequence in the present case. The statement was a spontaneous unsolicited statement. Officer Nguyen testified that he did not attempt to question the defendant. The defendant made the statement after Nguyen discovered the syringes in the automobile.
This assignment does not have merit.

ASSIGNMENT OF ERROR NUMBER 3

The defendant also suggests that the State failed produce sufficient evidence to support his conviction for attempted possession of heroin.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
*1187 In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from Rwhich the existence of the main fact maybe inferred according to reason and common experience. State v. Shapiro, 431 So.2d 872 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
To prove attempted possession of heroin, the State must show that the defendant had the specific intent to possess cocaine and committed an act directly tending toward his intent to possess the drug. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Possession may be actual or constructive. State v. Chambers, 563 So.2d 579, 580 (La.App. 4 Cir.1990). A person in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control and he has guilty knowledge. State v. Trahan, 425 So.2d 1222, 1226 (La.1983); State v. Cormier, 94-537, p. 5 (La.App. 3 Cir. 11/2/94), 649 So.2d 528, 531; Bujol v. Cain, 713 F.2d 112, 115 (5 Cir.1983), cert. denied, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984).
Factors relevant to a defendant’s dominion and control include, inter alia, the defendant’s knowledge that illegal drugs are in the area, his access to the area where the drugs are found and physical proximity to the drugs, evidence that the area was frequented by drug users, and evidence of recent drug use by the defendant. State v. Cormier, 649 So.2d at 531.
|sThe elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4 Cir.1989). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial.
Guilty knowledge is an essential element of the crime of possession of heroin. State v. Goiner, 410 So.2d 1085, 1086-87 (La.1982). Although a conviction for possession of heroin can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant’s guilty knowledge. State v. Gaines, 96-1850, pp. 5-6, (La.App. 4 Cir. 1/29/97), 688 So.2d 679, 682-83, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503; State v. Spates, 588 So.2d 398, 401 (La.App. 2 Cir.1991). In addition, the possession of drug paraphernalia is, by its peculiar nature, indicative of guilty knowledge. Gaines, p. 6, 688 So.2d at 683; Spates, 588 So.2d at 402.
This Court upheld the defendant’s conviction for attempted possession of cocaine in State v. Lavigne, supra. In Lavigne, the defendant was found to be in possession of a crack pipe which had a residue in it. The residue proved to be cocaine. The defendant alleged that he-found the pipe on the street and did not know it contained cocaine as he could not see the residue; he claimed his intent was to throw the pipe away when he got home. In affirming the defendant’s conviction, this court noted that the defendant’s guilty knowledge could be inferred from the defendant’s dominion and control over the pipe and the *1188 residue of cocaine found in the pipe. State v. Lavigne, 675 So.2d at 779.
Similarly, in State v. Taylor, 96-1843 (La.App. 4 Cir. 10/29/97), 701 So.2d 766, writ denied, 98-2233 (La.1/8/99), 734 So.2d 1224, where the defendant was ^convicted for possession of cocaine on the basis of a residue in a crack pipe, this Court held that a court could infer the defendant had guilty knowledge of the cocaine in the glass pipe and that the evidence was sufficient to sustain the conviction.
In State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, this court affirmed the defendant’s conviction for attempted possession of cocaine where a police officer testified that he retrieved a crack pipe from the defendant’s pants pocket and that the pipe appeared to contain cocaine residue. The court rejected the defendant’s argument that the State failed to prove that he knew there was cocaine in the pipe or that he attempted to possess cocaine. The court stated that the defendant’s possession of a crack pipe with visible cocaine residue in it allowed an inference that the defendant had the intent to attempt to possess cocaine.
In the present case, Officer Nguyen testified that the syringe containing heroin found on the driver’s side floorboard and the spoon containing heroin was found on the center console between the driver and passenger seats. The defendant was in the driver’s seat when the police officers approached the vehicle. The officers stated that the defendant and the passenger appeared nervous when they saw the officers and started fumbling with something on the floorboard of the vehicle. Officer Nguyen further testified that when the defendant exited vehicle, he had one hand clenched in a fist. The officer asked the defendant to open his hand, as the officer was concerned for his safety. When the defendant opened his hand, a red cap to a syringe fell to the ground. Such testimony, along with the defendant’s statement about wanting to get a little high, indicates that the defendant had knowledge of, and control over, the heroin found in the syringe and |7spoon. The evidence presented by the State was sufficient to prove that the defendant attempted to possess heroin.
This assignment of error is without merit.

CONCLUSION

For the above and foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.