ROLAND L. BELSOME, Judge.
 

 The State of Louisiana charged Emanuel Smith by bill of indictment with one count of violating La. R.S. 40:967(C)(2), possession of crack cocaine. He appeared before the trial court for arraignment and pled not guilty to the charge. The trial court heard and denied the defendant’s motion to suppress evidence and found sufficient probable cause to substantiate the charge after conducting a preliminary hearing. The matter was set for a January 7, 2009 trial.
 

 Prior to trial, the defendant filed a motion to continue which was granted. On January 13, 2009, the defendant withdrew his not guilty plea and entered a plea of guilty to the charge under
 
 State v.
 
 Crosby, 338 So.2d 584 (La.1976). After the requisite colloquy between the trial court and the defendant, the trial court sentenced the defendant to serve two years at hard labor. The trial court suspended the sentence and placed defendant on two years active probation.
 

 The defendant appeals raising two assignments of error. He asserts that his conviction and sentence should be reversed because: 1) the trial court erred when it concluded that the arresting officers had sufficient reasonable suspicion to |2support an investigatory stop; and 2) the trial court erred when it held that the arresting officers’ search of the defendant’s closed fist was a permissible weapons search.
 

 Officer Gerald Young was the only witness to testify at the defendant’s suppression hearing. Officer Young stated that on the night of October 2, 2008, he and his partner were driving down Iberville Street towards its intersection with Crozat Street when they spotted a man walk briskly down a driveway towards Iberville Street. He observed the defendant slow down, lower his head, and proceed off to his right towards several parked cars after the defendant noticed Officer Young. Officer Young further testified that he observed the defendant crouch down behind one of the vehicles.
 

 Considering the defendant’s behavior suspicious, the officers stopped their vehicle and approached the defendant in order to speak with him. After approaching the defendant, Officer Young noticed that the defendant was still crouched down behind a vehicle with his hands out in front of him. The officers asked the defendant to stand up. Officer Young testified that he noticed that the defendant’s left hand was tightly closed after he stood up. Officer Young then asked the defendant to open his left hand. When the defendant opened his hand a white rock-like substance wrapped in plastic fell to the ground.
 

 Suspecting the substance to be crack cocaine, Officer Young’s partner handcuffed the defendant, told him he was under arrest, and advised him of his rights while Officer Young retrieved the suspected contraband. Shortly thereafter, | ¡¡Sergeant Merlin Bush arrived at the scene. Officer Young and Sergeant Bush then conducted a field test on the evidence, and it tested positive for cocaine. The officers then transported the defendant to lockup while the cocaine was placed on the evidence books. Lastly, Officer Young identified the defendant in court as the man he and his partner observed on the night of the incident.
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 The defendant’s first argument is that the trial court erred when it found
 
 *1165
 
 that the arresting officers possessed sufficient reasonable suspicion to conduct an investigatory stop. For Fourth Amendment purposes, a seizure occurs either with the application of physical force to an individual or by the individual’s submission to the assertion of official authority.
 
 California v. Hodari D.,
 
 499 U.S. 621, 626-27, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991). Under Louisiana’s slightly broader definition of the term, a seizure may also occur “when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain [to occur].”
 
 State v. Tucker,
 
 626 So.2d 707, 712 (La. 1993). However, under either definition, the police remain free to exercise “the same right as any citizen to approach an individual and ask a few questions.”
 
 State v. Jackson,
 
 2000-3083, p. 3 (La. 3/15/02), 824 So.2d 1124, 1126.
 

 In
 
 State v. Thompson,
 
 2002-0333, pp. 5-6 (La. 4/9/03), 842 So.2d 330, 335, the Louisiana Supreme Court addressed the standard for determining whether an officer has reasonable suspicion to conduct an investigatory stop:
 

 14Reasonable suspicion for an investigatory stop is something less than probable cause and must be determined under the specific facts of each case by whether the officer had sufficient knowledge of particular facts and circumstances to justify the infringement on individual’s right to be free from governmental interference.
 
 State v. Varnell,
 
 410 So.2d 1108 (1982);
 
 State v. Bickham,
 
 404 So.2d 929 (La.1981);
 
 State v. Blanton,
 
 400 So.2d 661 (La.1981);
 
 State v. Ault,
 
 394 So.2d 1192 (La.1981).... In determining whether or not reasonable cause exists to temporarily detain a person, the totality of the circumstances, “the whole picture,” must be considered.
 
 State v. Belton,
 
 441 So.2d 1195, 1198 (La.1983) (citing
 
 United States v. Cortez,
 
 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).)
 

 When determining whether police officers have a “particularized and objective basis” for conducting an investigatory stop, reviewing courts “must look at the ‘totality of the circumstances’ of each case,” a process which “allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that ‘might well elude an untrained person.’ ”
 
 United States v. Arvizu,
 
 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002)(quoting
 
 United States v. Cortez,
 
 449 U.S. 411, 417-18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981));
 
 State v. Johnson,
 
 2001-2081 p. 3 (La. 4/26/02), 815 So.2d 809, 811 (“The assessment by a reviewing court of the cumulative information known to the officers avoids a ‘divide-and-conquer analysis’ by which the whole becomes less than the sum of its parts because each circumstance examined individually may appear ‘readily susceptible to an innocent explanation.’ ”) (quoting
 
 Arvizu,
 
 534 U.S. at 274, 122 S.Ct. at 751.).
 

 In the present case, the defendant first caught the officers’ attention when they spotted him walking briskly down a driveway towards the street and raised suspicion when he crouched down behind a car. Even when approached by the 15officers he did not stand up, but rather remained crouched behind the car with his hands out in front of him.
 

 The trial court’s January 7, 2009, judgment indicates that it relied upon the Louisiana Supreme Court’s decision in
 
 State v. Sylvester,
 
 2001-0607 (La.9/20/02), 826 So.2d 1106, as support for denying the defendant’s motion. In
 
 Sylvester,
 
 the defendant and his friend first caught the
 
 *1166
 
 attention of the officers because they sat with their heads bent down in a car stopped in an area targeted by citizen complaints of drug activity. After the
 
 Sylvester
 
 defendant and his companion spotted the officers, the two men then began fumbling on the floor board of the car as if they were hiding something.
 

 At the approach of the officers, the defendant then jumped from the car with his fist closed. The officers ordered the defendant to turn around and put his hands on the car. After the defendant complied, one of the officers walked up behind the defendant, grabbed him by the belt, and ordered him to open his fist. The defendant complied and a syringe fell out of his hand. This Court reversed the defendant’s conviction, ruling that the police lacked reasonable suspicion to conduct an investigatory stop.
 
 State v. Sylvester,
 
 2000-1522 (La.App. 4 Cir. 2/7/01), 781 So.2d 616.
 

 The Supreme Court granted writs, reversed, and concluded that the foregoing circumstances justified the officers’ investigatory stop of the defendant. Considering
 
 Sylvester,
 
 we cannot find that the trial court erred when it determined the investigatory stop of the defendant was justified.
 

 ^ASSIGNMENT OF ERROR NUMBER 2
 

 In his second assignment of error, the defendant asserts that the trial court erred when it held that the arresting officers’ search of the defendant’s closed fist was a permissible weapons search. In
 
 State v. Jones,
 
 99-0861, p. 12 (La.App. 4 Cir. 6/21/00), 769 So.2d 28, 38, this Court explained that, in order to justify a frisk of a suspect for weapons following an investigatory stop, a police officer does not need to be absolutely certain that the suspect is armed, but the facts must justify a belief that the officer’s safety or that of others is in danger, citing
 
 State v. Williams,
 
 98-3059, p. 4 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, 144. The pertinent question is not whether the officer subjectively believes he is in danger, or even whether he articulates a subjective belief during his testimony, but rather it is an objective test of whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.
 
 See State v. Dumas,
 
 2000-0862, pp. 2-3 (La. 5/4/01), 786 So.2d 80, 81-82.
 

 Further, in
 
 Sylvester,
 
 the Louisiana Supreme Court observed that weapons can be concealed inside a fist. 2001-0607, p. 6, 826 So.2d at 1109, citing
 
 U.S. v. Moore,
 
 235 F.3d 700, 704 (1st Cir.2000). In
 
 Sylvester,
 
 the Louisiana Supreme Court held that an officer’s concern for his safety can justify ordering a suspect to open a clenched fist.
 
 Id.,
 
 citing
 
 State v. Williams,
 
 249 Neb. 582, 544 N.W.2d 350, 353 (1996) (“If ... a police officer is justified in conducting a protective weapons search based upon the officer’s reasonable belief that a suspect may be armed and |7dangerous, such a weapons search would necessarily include the right to search a clenched fist.”).
 

 Again, based on the testimony of Officer Young and the
 
 Sylvester
 
 opinion, we do not find the trial court erred in finding the search permissible. For the reasons discussed, we affirm.
 

 AFFIRMED.