PER CURIAM.
11 Granted. The ruling of the juvenile court granting respondent/defendant’s motion to suppress is reversed and this case is remanded for further proceedings.
Although the police officers subjectively intended to conduct an investigatory stop based solely on their observation that the three occupants of a parked SUV appeared too young to drive legally, the occupants’ freedom of movement had already been “restricted by a factor independent of police conduct,” Florida v. Bostick, 501 U.S. 429, 436, 111 S.Ct. 2382, 2387, 115 L.Ed.2d 389 (1991), i.e. they were sitting in a parked vehicle and speaking to a female who was standing outside, when the officers pulled over their patrol unit. Defense counsel acknowledged at the suppression hearing that a seizure or forcible detention did not occur until after one of the police officers positioned himself on the passenger side of the vehicle, ordered respondent to open his hands and then to step from the vehicle. At that point, the officer unquestionably seized the SUV and its occupants because no reasonable person in their position “would feel free to decline the officers’ requests or otherwise terminate the encounter.” Bostick, 501 U.S. pat 436, 111 S.Ct. at 2387. The officer had, however, looked through the back window as he approached the vehicle and observed respondent bending over in the front passenger seat and reaching for the floor *94 board, behavior that in the officer’s experience from conducting over 100 traffic stops meant a high probability firearms or drugs were involved. Given his observation of respondent’s furtive movement, and considering that all of the occupants of the vehicle appeared too young to drive, the officer had the requisite particularized objective basis “ ‘to maintain the status quo momentarily while obtaining more information,’ the hallmark of an investigatory stop.” State v. Porche, 06-0312, p. 6 (La.11/29/06), 943 So.2d 335, 339 (quoting State v. Fauna, 393 So.2d 688, 690 (La.1981); cf. State v. Sims, 02-2208, p. 5 (La.6/27/03), 851 So.2d 1039, 1043) (police had reasonable suspicion for an investigatory stop based on an apparent curfew violation because defendant looked “very young” although he was in fact 18 years old); State v. Sylvester, 01-0607, p. 5 (La.9/20/02), 826 So.2d 1106, 1109 (“In determining whether police officers have a ‘particularized and objective basis’ for conducting an investigatory stop, reviewing courts ‘must look at the totality of the circumstances of each case,’ a process which ‘allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that “might well elude an untrained person.” ’ ”) (quoting United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750-51, 151 L.Ed.2d 740 (2002) (other internal quotation marks and citation omitted)). That the person in the driver’s seat was subsequently determined to be over the age of 18 years (although he evidently was not licensed) had no bearing on the reasonableness of the officer’s action. State v. Strange, 04-0273, p. 5 (La.5/14/04), 876 So.2d 39, 41 (the relevant question under the Fourth Amendment is not that the police “ ‘always be right, but that they always be reasonable’ ”) (quoting Illinois v. Rodriguez, 497 U.S. 177, 185, 110 S.Ct. 2793, 2800, 111 L.Ed.2d 148 (1990)).
As part of a lawful investigatory stop, the officer acted reasonably in ordering respondent from the car. State v. Cure, 11-2238, p. 5 (La.7/2/12), 93 So.3d 1268, 1271 (“ ‘Ordering a suspect out of a car, which the Supreme Court has approved even with respect to a routine traffic stop, is a generally permissible tactic in connection with Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stops of vehicles.’ ”) (quoting 4 Warren R. LaFave, Search and Seizure, § 9.2(d) (4th ed.2004)). That the officer and not respondent opened the door did not even minimally increase the degree on intrusiveness on respondent’s privacy interests. Cure, 11-2238 at 5-6, 93 So.3d at 1271-72. Thus, when the officer looked through the open door and observed a handgun in between respondent’s feet, he lawfully acquired probable cause to seize the weapon and to arrest respondent for possession of a firearm by a juvenile in violation of La.R.S. 14:95.8. The automobile exception to the warrant requirement, based on the inherent mobility of vehicles, excused the immediate warrantless entry and search. Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (“Our first cases establishing the automobile exception to the Fourth Amendment’s warrant requirement were based on the automobile’s ‘ready mobility,’ an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear.”)
REVERSED AND REMANDED